Stephanie A. Hollar, Esq.
Dennis P. Clarke, Esq.
SMITH, WALSH, CLARKE & GREGOIRE, PLLP
104 2nd Street South, Suite 400
P.O. Box 2227
Great Falls, Montana 59403-2227
Telephone: (406) 727-4100
Facsimile:  (406) 727-9228
shollar@swcgfirm.com
dclarke@swcgfirm.com
  *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUDITH NEWMAN, as Personal Representative of the Estate of Karlye Newman,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED FIRE AND CASUALTY COMPANY,<br><br>   Defendant. | Cause No.<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

  COMES NOW Defendant United Fire and Casualty Company ("United Fire") through its counsel of record and for its Answer to the Amended

1

Complaint, admits, denies and alleges as follows:

1.     Answering Paragraph 1, based upon information and belief, United Fire admits the allegations contained therein.

2.     Answering Paragraph 2, United Fire admits the allegations contained therein.

3.     Answering Paragraph 3, United Fire admits the allegations contained therein.

4.     Answering Paragraph 4, United Fire admits the allegations contained therein.

5.     Answering Paragraph 5, United Fire denies the allegations contained therein.

6.     Answering Paragraph 6, United Fire admits NCS tendered defense of the lawsuit in September 2008.  United Fire admits it denied coverage and refused the tender of defense.

7.     Answering Paragraph 7, United Fire admits NCS retained counsel at its own expense.  United Fire admits NCS was exposed to financial risk but alleges there was no coverage.

8.     Answering Paragraph 8, United Fire admits Plaintiff's counsel sent a letter dated January 19, 2010, advising that a mediation was scheduled for

February 10, 2010. United Fire admits the letter advised that United Fire was invited to appear and participate at the mediation. United Fire alleges the contents of the January 19, 2010 letter speak for themselves and are the best evidence of their contents. United Fire admits it did not participate in the mediation.

9. Answering Paragraph 9, United Fire admits NCS entered into a settlement agreement with the Plaintiffs whereby NCS stipulated to a judgment and assigned all first party claims it might have against United Fire to the Plaintiff.

10. Answering Paragraph 10, United Fire alleges the allegations contained therein call for a legal conclusion to which no response is necessary.

11. Answering Paragraph 11, United Fire admits that based upon information and belief, a hearing occurred on March 26, 2010.

12. Answering Paragraph 12, United Fire admits the District Court entered its Findings of Fact, Conclusions of Law and Order on March 29, 2010. United Fire admits judgment was entered against NCS in the amount of $3 million on April 6, 2010. United Fire denies the allegation that the judgment did not exceed the combined limits of the two United Fire policies.

13. Answering Paragraph 13, United Fire realleges and incorporates

its responses to Paragraphs 1 through 12 as though fully set forth herein.

14. Answering Paragraph 14, United Fire denies the allegations contained therein.

15. Answering Paragraph 15, United Fire denies the allegations contained therein.

16. Answering Paragraph 16, United Fire denies the allegations contained therein.

17. Answering Paragraph 17, United Fire denies the allegations contained therein.

18. Answering Paragraph 18, United Fire denies the allegations contained therein.

19. Answering Paragraph 19, United Fire realleges and incorporates its responses to Paragraphs 1 through 18 as though fully set forth herein.

20. Answering Paragraph 20, United Fire admits this is an action for declaratory relief.

21. Answering Paragraph 21, United Fire denies the allegations contained therein.

22. All allegations not specifically admitted or qualified above are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

There is no coverage for the Plaintiff's claims against National Contract Services in the underlying action and so United Fire had no duty to defend that action.

## THIRD AFFIRMATIVE DEFENSE

There is no coverage for the Plaintiff's claims against National Contract Services in the underlying action and so United Fire had no duty to indemnify National Contract Services in that action.

## FOURTH AFFIRMATIVE DEFENSE

Any claim for punitive damages in this case is violative of the Federal Constitution Requirements that property not be taken without due process and other Constitutional provisions of the United States Constitution.

## FIFTH AFFIRMATIVE DEFENSE

Any award of punitive damages in this case must be limited by the requirements of the statute limiting the matter, means and amount of punitive damages.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled attorney's fees.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to pre-judgment interest.

## DEMAND FOR JURY TRIAL

United Fire demands a trial by jury of all issues triable in this action.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, United Fire requests a judgment in its favor as follows:

1. Declaring United Fire had no duty to defend National Contract Services in the underlying action.

2. Declaring United Fire had no duty to indemnify National Contract Services in the underlying action.

3. Declaring there is no coverage under the policy issued to National Contract Services for Plaintiff's claims.

4. For attorney's fees and costs incurred herein.

5. For such other and further relief as the Court deems just and proper.

DATED this 27th day of February, 2013.

    /s/ Stephanie A. Hollar
Stephanie A. Hollar, Esq.
Dennis P. Clarke, Esq.
SMITH, WALSH, CLARKE & GREGOIRE, PLLP
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 27th day of February, 2013, a copy of the foregoing document was served on the following persons CM/ECF:

1. Clerk, U.S. District Court

2. James A. Manley
  Ann L. Moderie
  Manley Law Firm
  201 Fourth Avenue East
  Polson, Montana 59860
  Phone: 406-883-6285
  jimmanleylaw@centurytel.net
  annmanleylaw@centurytel.net

  Lawrence A. Anderson
  Attorney at Law
  300 4th Street North
  P.O. Box 2608
  Great Falls, MT 59403-2608
  Phone: 406- 727-8466
  laalaw@me.com

  Thomas J. Beers
  Beers Law Offices
  234 East Pine
  P.O. Box 7968
  Missoula, MT 59807-7968
  Phone: 406- 728-4888
  blo@montana.com
    *Attorneys for Plaintiffs*

           /s/ Stephanie A. Hollar