Stephanie A. Hollar, Esq.
Dennis P. Clarke, Esq.
SMITH, WALSH, CLARKE & GREGOIRE, PLLP
104 2nd Street South, Suite 400
P.O. Box 2227
Great Falls, Montana 59403-2227
Telephone: (406) 727-4100
Facsimile:  (406) 727-9228
shollar@swcgfirm.com
dclarke@swcgfirm.com
  *Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUDITH NEWMAN, as Personal Representative of the Estate of Karlye Newman,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FIRE AND CASUALTY COMPANY,<br><br>Defendant. | Cause No. 9:13-CV-00047-DLC<br><br>**DEFENDANT'S STATEMENT OF UNDISPUTED FACTS** |

COMES NOW Defendant United Fire and Casualty Company ("United Fire"), through its counsel of record, and submits its Statement of Undisputed

1

Facts pursuant to L.R. 56.1(a).

1. United Fire insured NCS under Policy # 104-60069871, which contains two sub-policies, a Commercial General Policy ("CGL") and an Umbrella Policy (collectively, "Policy"). (CGL, Ex. A; Umbrella Policy, Ex. B).

2. United Fire is an Iowa Corporation with its principal place of business in Cedar Rapids, Iowa. (See Notice of Removal)

3. NCS is a limited liability company organized under the laws of the State of Nevada. (Pl.'s Second Am. Compl., ¶ 25, Ex. C).

4. NCS purchased the United Fire Policy through NCS's agent, Valley Insurance Brokers, P.O. Box 668, Hurricane, UT 84737. (CGL, Ex. A; Umbrella Policy, Ex. B).

5. The Policy lists NCS's mailing address as "170 W. State St., La Verkin, Utah 84745-5503. (CGL, Ex. A; Umbrella Policy, Ex. B).

6. The Policy Dec Sheet identifies the premises as 158 W. 1600 S #151, St. George, UT 84770. (CGL, Ex. A; Umbrella Policy, Ex. B.)

7. The relevant coverage language of the 2004/2005 CGL states:

**Commercial General Liability Coverage Form**

. . .

**Section 1 - Coverages**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement.**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

(CGL, CG00011001, page 1, Ex. A).

8. The CGL limits coverage to NCS's designated premises at St. George, Utah, under the following provision:

   **LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

   This endorsement modifies the insurance provided under the following:

   COMMERCIAL GENERAL LIABILITY COVERAGE PART SCHEDULE

   | **Premises:** |
   |---|
   | AS SHOWN ON DEC |
   | **Project:** |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

(CGL, CG 21440798, Ex. A).

9. The relevant coverage language of the 2004/2005 Umbrella Policy states:

**COMMERCIAL UMBRELLA LIABILITY POLICY**

. . .

**SECTION II - DEFENSE AND SUPPLEMENTARY PAYMENTS - COVERAGES A AND B**

We have the right to associate with the underlying insurer and the insured to defend any claim or suit seeking damages for bodily injury, property damage, personal and advertising injury to which this insurance applies. But

1. The amount we will pay for ultimate net loss is limited as described in SECTION IV - LIMIT OF INSURANCE

2. We have a duty to defend any claims or suits not covered by any underlying insurance shown in the Declaration; we also have the duty to defend such claims or suits if the applicable limit of underlying insurance is exhausted.

(Umbrella Policy, CX 70021299, page 7, Ex. B).

10. The Umbrella Policy limits coverage to the designated premises in St. George, Utah under the following provision:

   **LIMITATION OF COVERAGE TO DESIGNATED PREMISES**

   This endorsement modifies insurance provided under the following:

   COMMERCIAL UMBRELLA LIABILITY

   **SCHEDULE**
   Specified Location(s):
   158 W. 1600 S #151 ST. GEORGE UT 84770

   (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

   This insurance applies only to bodily injury, property damage, personal and advertising injury and medical expenses arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises;

   (Umbrella Policy, CX 70661299, Ex. B).

11. The Policy contains several "Utah Changes" and references Utah law. (CGL, UW 70020496, CG 01861093, CP 01270396, IL 02660702, Ex. A; Umbrella Policy, CX 70010100, CX 75430191, Ex. B).

12. In May 2008, Judith Newman, as the personal representative of the Estate of Karlye Newman, filed her Second Amended Complaint in the Underlying Litigation. (Ex. C).

13. On September 16, 2008, Valley Insurance Brokers, on behalf of NCS, tendered the Second Amended Complaint to United Fire. (Ex. D).

14. The Second Amended Complaint alleged the following:

   a. NCS is an LLC organized under the laws of the State of Nevada and doing business in the State of Montana. (Pl.'s 2nd Am. Compl. ¶ 25, Ex. C).

   b. Upon information and belief, Robert Lichfield manages several interlocking companies, including NCS, which run behavior modification residential programs. (Ex. C, ¶¶ 2-38).

   c. One of the programs Lichfield ran was Spring Creek Lodge in Montana. (Ex. C, ¶¶ 2-9).

   d. Lichfield conducts business in Montana, and has engaged in acts while in Montana in furtherance of his behavior modification residential programs work. (Ex. C, ¶ 10).

   e. NCS purported to provide the following services to Spring Creek: marketing, promotion, admissions, seminars, newsletters, support services, academic course outline, curriculum, manuals, training outlines, consulting, billing, and collections. (Ex. C, ¶ 27).

   f. Many services NCS claimed to provide to Spring Creek were inadequate and contributed to Karlye Newman's suffering and eventual death. (Ex. C, ¶¶ 42-80).

   g. Karlye Newman resided at Spring Creek Lodge in Montana from March 31, 2004 to October 7, 2004. (Ex. C, ¶ 36).

    h.    On October 7, 2004, Karlye went missing for over an hour. (Ex. C, ¶ 64).

    i.    The staff at Spring Creek made no attempt to look for her, or otherwise protect her. (Ex. C, ¶ 65).

    j.    That day, Karyle hung herself in her dormitory. (Ex. C, ¶ 66).

    k.    When a staff member discovered Karlye, the untrained and unqualified staff member ran out in panic. (Ex. C, ¶ 67).

    l.    The Spring Creek staff failed to provide immediate and necessary aid, which might have saved Karlye's life. (Ex. C, ¶ 68).

15.    By letter dated October 6, 2008, United Fire notified NCS that there was no coverage because the Complaint clearly alleged the incident occurred at a location known as Spring Creek and not the location described in the policy. (United Fire Letter to NCS, Ex. E).

16.    On January 20, 2010, Plaintiff's counsel faxed a letter to United Fire advising a mediation would take place on February 19, 2010, and invited United Fire to participate. A copy of the Third Amended Complaint was enclosed. (Ex. F).

17.    The allegations in the Third Amended Complaint as to NCS were:

    a.    NCS is an LLC organized under the laws of the State of Nevada. (Pl.'s Third Am. Compl. ¶ 25, Ex. G).

b. Upon information and belief, Robert Lichfield manages several interlocking companies, including NCS, which run behavior modification residential programs. (Ex. G, ¶¶ 2-38).

c. One of the programs Lichfield ran was Springs Creek Lodge in Montana. (Ex. G, ¶¶ 2-9).

d. Lichfield conducts business in Montana, and has engaged in acts while in Montana in furtherance of his behavior modification residential programs work. (Ex. G, ¶ 10).

e. NCS purported to provide the following services to Spring Creek: marketing, promotion, admissions, seminars, newsletters, support services, academic course outline, curriculum, manuals, training outlines, consulting, billing, and collections. (Ex. G, ¶ 27).

f. Many services NCS claimed to provide to Spring Creek were inadequate and contributed to Karlye Newman's suffering and eventual death. (Ex. G, ¶¶ 42-80).

g. Karlye Newman resided at Spring Creek Lodge in Montana from March 31, 2004 to October 7, 2004. (Ex. G, ¶¶ 50-80).

h. On October 7, 2004, Karlye went missing for over an hour. (Ex. G, ¶ 7).

i. The staff at Spring Creek made no attempt to look for her, or

otherwise protect her. (Ex. G, ¶ 77).

j. That day, Karyle hung herself in her dormitory. (Ex. G, ¶ 78).

k. When a staff member discovered Karlye, the untrained and unqualified staff member ran out in panic. (Ex. G, ¶ 79).

l. The Spring Creek staff failed to provide immediate and necessary aid, which might have saved Karlye's life. (Ex. G, ¶ 80).

m. The named defendants are jointly liable for their negligent and intentional tortious conduct. (Ex. G, ¶¶ 87-134).

18. On January 27, 2010, United Fire responded to Plaintiff's counsel and declined the offer of settlement and advised there was no coverage. (Ex. H).

19. NCS entered into a stipulated judgment in the amount of $3 million. NCS's co-defendant, Teen Help, also settled with the Plaintiff for $3 million. Judgment was entered against NCS for $3 million on April 6, 2010 (United Fire's Answer ¶¶ 9, 12).

20. Under this stipulated judgment, NCS assigned the Plaintiff all its rights under the Policy. (United Fire's Answer, ¶ 9).

DATED this 10th day of May, 2013.

                /s/ Stephanie A. Hollar
Stephanie A. Hollar, Esq.
Dennis P. Clarke, Esq.
SMITH, WALSH, CLARKE & GREGOIRE, PLLP
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May, 2013, a copy of the foregoing document was served on the following persons via CM/ECF:

James A. Manley
Ann L. Moderie
Manley Law Firm
201 Fourth Avenue East
Polson, Montana 59860
Phone: 406-883-6285
jimmanleylaw@centurytel.net
annmanleylaw@centurytel.net

Lawrence A. Anderson
Attorney at Law
300 4th Street North
P.O. Box 2608
Great Falls, MT 59403-2608
Phone: 406- 727-8466
laalaw@me.com

Thomas J. Beers
Beers Law Offices
234 East Pine
P.O. Box 7968
Missoula, MT 59807-7968
Phone: 406- 728-4888
blo@montana.com
　　　*Attorneys for Plaintiffs*

　　　　　　　　　　　　/s/ Stephanie A. Hollar