IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JUDITH NEWMAN, as Personal Representative of the Estate of Karlye Newman,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FIRE AND CASUALTY COMPANY,<br><br>Defendant. | CV 13–47–M–DLC<br><br>ORDER |

Plaintiff Judith Newman ("Newman") moves the Court for an award of attorney's fees following this Court's order granting summary judgment in her favor in this breach of contract and declaratory judgment action. Newman asks that the Court award attorney's fees on the basis of the contingency fee agreement she entered into with her counsel. Defendant United Fire and Casualty Company ("United") contends that Newman, as an assignee of its insured, National Contract Services ("NCS"), is only entitled to recover attorney's fees incurred in prosecuting this declaratory action. For the reasons explained, the Court denies Newman's motion in part and orders that she submit appropriate time records for a calculation of reasonable attorney's fees.

## Factual Background

Following Karlye Newman's suicide at Spring Creek Lodge Academy, Judith Newman, as personal representative of the Estate of Karlye Newman, sued several defendants, including National Contract Services, based on a number of tort theories. At the time, NCS was a named insured under a commercial general liability policy and an umbrella policy issued by United. NCS tendered defense of the claim to United and United refused to defend or indemnify. Newman then reached a settlement with NCS whereby NCS consented to a $3 million judgment against it and assigned all of its rights against United to Newman. Newman signed a covenant not to execute against NCS.

Newman then brought this breach of contract and declaratory judgment action against United. This Court awarded Newman summary judgment, finding that United breached its duty to defend in the underlying suit. The Court entered judgment in Newman's favor for the amount of the underlying state court judgment.

In a related case, Newman sued another entity associated with the operations at Spring Creek Lodge Academy, Teen Help, whose insurer, Scottsdale Insurance Company, also refused to defend. Like NCS, Teen Help entered into a consent judgment and covenant not to execute with Newman. Scottsdale

Insurance Company was subsequently found to have breached its duty to defend and ordered to pay the judgment entered against Teen Help. Following Newman's success in the action against Scottsdale, the district court awarded Newman attorney's fees, and based the award upon a contingency fee agreement entered into by Newman and her attorneys. The Montana Supreme Court upheld the district court's decision to award attorney's fees, but reversed with respect to the basis for that award and remanded "for a calculation based upon what Newman, as Teen Help's assignee, would have been able to recover for her attorney's time and expenses incurred in pursuing insurance coverage from the defendants." *Newman v. Scottsdale Ins. Co.*, 301 P.3d 348, 362 (Mont. 2013).

After this decision was rendered by the Montana Supreme Court, Newman and her attorneys in this action amended their original contingency fee agreement in an attempt to clarify that the agreement "has always been intended to cover the underlying action and any declaratory judgment action required as Third Party beneficiary or First Party assignee." (Doc. 23-2.)

## APPLICABLE LAW

A federal court sitting in diversity applies the substantive law of the forum state to state law claims. *Mason and Dixon Intermodal, Inc. v. Lapmaster Intern. LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). Here, the Court applies Montana law.

"Montana follows the general American Rule that a party in a civil action is not entitled to attorney fees absent a specific contractual or statutory provision." *Mountain W. Farm Bureau Mut. Ins. Co. v. Brewer*, 69 P.3d 652, 655 (Mont. 2003). Montana recognizes an exception to this general rule when "the insurer forces the insured to assume the burden of legal action to obtain the full benefit of the insurance contract." *Id.*, 69 P.3d at 660.

Montana has generally limited this exception to the American Rule to first-party insurance disputes. *Id.*, 69 P.3d at 661. The Montana Supreme Court has emphasized that the exception to the American Rule is justified by "the insurer's contractual duty to the insured, the disparity of bargaining power between the parties, and the enhanced fiduciary obligations running from the insurer to the insured." *Id.*, 69 P.3d at 660; *see also Sampson v. Nat. Farmers Union Prop. Cas. Co.*, 144 P.3d 797, 801 (2006) ("we have declined to extend this exception to third party actions, where there is no privity of contract"); *Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 656 (Mont. 2009) ("The rationale underlying the insurance exception to the American Rule is the existence of a fiduciary duty"). Montana has not extended the exception to the American Rule to third-party claimants because "such tenuous application of the insurance exception would undermine the exception's fundamental pretext and drive a stake into the heart of the

American Rule." *Id*., 69 P.3d at 661.

An award of attorney's fees in a first-party insurance dispute may be based upon a contingency fee agreement. *Riordan v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 2512023, *7 (D. Mont. June 20, 2008), *aff'd*, 589 F.3d 999, 1006-1009 (9th Cir. 2009). In *Riordan*, after prevailing in his suit against his insurer to recover underinsured motorists benefits, the plaintiff sought to recover attorney's fees based upon the contingency fee agreement he had entered into with his attorneys. The district court held, and the Ninth Circuit affirmed, that the plaintiff was entitled to recover attorney's fees and that it was "appropriate to utilize the contingent fee agreement as a reasonable measure of the fees [plaintiff] is entitled to recover." *Id*.

While generally the exception to the American Rule applies only in first-party insurance disputes, the Montana Supreme Court recently held that a third-party claimant who has been assigned the insured's first-party rights is also entitled to an award of attorney's fees for "the attorney's time and expenses incurred in pursuing insurance coverage." *Newman*, 301 P.3d 348, 362. The Montana Supreme Court held that the assignee of a first-party insured's rights is entitled to an award of attorney's fees because "when there is an assignment of an entire claim there is a complete divestment of all rights from the assignor and a

vesting of those rights in the assignee." *Id.* (quoting *Skauge v. Mountain States Tel. & Tel Co.*, 565 P.2d 628, 631 (1977)). The Court clarified, however, that in this context the contingency fee agreement entered into between an assignee and his/her lawyers is not an appropriate basis for a determination of reasonable attorney's fees because the insured-assignor is not a party to that agreement and the first-party insured has "no contingency fee agreement to impose in the declaratory action." *Id.* Accordingly, the Court held that the district court abused its discretion in awarding attorney's fees based upon the contingency fee agreement entered into between the assignee and her lawyers, to which the assignor-insured was not a party. *Id.*

#### ANALYSIS

Newman moves this Court for an award of attorney's fees based upon the contingency fee agreement she entered into with her attorneys, to which NCS was not a party. Newman premises her motion on her status as the assignee of NCS's first-party rights against United. Newman emphasizes that under *Brewer* a first-party insured is entitled to recover attorney's fees in an action against its insured, and that under *Riordan* a court may use a contingency fee agreement as the basis for that award. Newman stresses that an assignee is entitled to all rights of the assignor, and that under *Riordan*, this includes the right to seek attorney's fees

based upon a contingency fee agreement. Newman contends that the operable contingency fee agreement in this case, as amended, clarifies that the agreement pertains to both the underlying litigation and the prosecution of this declaratory action brought as an assignee.

It is clear, based on the Montana Supreme Court's recent holding in *Newman*, that Newman is entitled to an award of reasonable "fees for services rendered by counsel in enforcing the insurance contract, just as first-party insured [NCS] would have been able to do had it instituted the contract and declaratory action against [United]." *Newman*, 301 P.3d at 362.

It is equally clear that Newman is not entitled to an award of attorney's fees based upon the contingency fee agreement entered into between Newman and her lawyers, to which the insured, NCS, was not a party. *Id.* Newman and her attorneys' post-hoc amendments to the contingency fee agreement do not alter this analysis, because the amendments do not make NCS a party to the contingency fee agreement. While a first-party insured may be awarded attorney's fees based on a contingency fee agreement in an action against its insured, *Riordan*, 2008 WL 2512023, *7, it does not follow that the assignee of a first-party insured's rights is also entitled to an award of attorney's fees based upon a contingency fee agreement entered into between the assignee and his/her lawyers. First, in the

assignee context, the normal justification for the exception to the American Rule is not present. *See Sampson*, 144 P.3d at 801 ("we have declined to extend this exception to third party actions, where there is no privity of contract"); *Jacobsen v. Allstate Ins. Co.*, 215 P.3d at 656 ("The rationale underlying the insurance exception to the American Rule is the existence of a fiduciary duty"). Outside of her status as an assignee, Newman is not in privity of contract with United and United owes Newman no fiduciary duty. Moreover, as the Montana Supreme Court held in *Newman*, in the assignee context, the first-party insured is not a party to the contingency fee agreement between the assignee and its lawyers, and has "no contingency fee agreement to impose in the declaratory action." *Newman*, 301 P.3d at 362.

NCS is not a party to the original, nor the amended, contingency fee agreement, and the Court will not consider it in determining an award of attorney's fees. As in *Newman*, the Court must base its award of attorney's fees "upon what Newman, as [NCS's] assignee, would have been able to recover for her attorney's time and expenses incurred in pursuing coverage" from United. *Id*.

IT IS ORDERED that the motion (Doc. 22) is GRANTED IN PART AND DENIED IN PART. Newman is entitled to an award of attorney's fees. Newman is not entitled to an award of attorney's fees based on the contingency fee

agreement.

IT IS FURTHER ORDERED that within 21 days from the date of this order Newman shall submit a renewed motion for attorney's fees to allow the Court to determine a fee award based upon reasonable hourly rates and reasonable expenses and hours spent prosecuting this declaratory judgment action.

DATED this 19th day of March, 2014.

_____
Dana L. Christensen, Chief District Judge
United States District Court